(Pleito No. 84.—Fallado el 10 de Septiembre de 1900.)

## Martínez contra Bayron.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Recurso. No será procedente un recurso por infracción de lo dispuesto en el artículo 505 de la Ley de Enjuiciamiento Civil, toda vez que dicho artículo hace referencia á un precepto meramente formulario.

2.—Procedimientos en cuanto á prórroga para satisfacer una deuda. Un acreedor que no toma parte en una junta de acreedores y se abstiene de votar en ella, habiendo ya antes anotado en el Registro su crédito, no quedará obligado á pasar por el convenio de dicha junta.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á diez de Septiembre de mil novecientos, en el recurso de casación por infracción de ley, que ante este Tribunal Supremo pende, interpuesto por la representación de M. Martínez y Cª, del comercio y vecinos de Mayagüez, en el juicio seguido contra Don Eusebio Bayron, en cobro de pesos, ante el Juzgado de 1ª Instancia de Mayagüez.—Resultando: Que en once de Enero de mil ochocientos noventa y nueve, el Procurador Don Fernando Vázquez, á nombre de los Sres. M. Martínez y Cª, se personó ante el Juzgado de 1ª Instancia de Mayagüez con dos documentos suscritos por E. Bayron, importantes mil quince pesos, setenta y ocho centavos, en solicitud de que se citara á Don Eusebio Bayron para el reconocimiento de las firmas puestas al pie de dichos documentos, y por otrosí solicitó embargo preventivo, cuyo embargo fué decretado por auto del catorce del mismo mes de Enero, y llevado á efecto en la misma fecha, en bienes inscritos en el Registro de la Propiedad y anotado en esta Oficina, en veinte y uno de Enero citado.—Resultando; Que en treinta y uno de Enero del mismo año compareció el referido Procurador, con escrito fecha veinte y ocho, en nombre de M. Martínez y Cª, bajo la dirección del Letrado Don Ramón Roura y Owen, estableciendo demanda de menor cuantía,

que fundaba en los siguientes hechos: 1.º Que Don Eusebio Bayron suscribió á favor de M. Martínez y C.ª dos documentos privados, vencederos el treinta de Diciembre de mil ochocientos noventa y ocho, importantes en junto mil quince pesos, setenta y ocho centavos, cuyos documentos estaban acompañados al juicio, y 2.º Que no habiéndose podido conseguir el pago, habían solicitado embargo preventivo, el que se había llevado á cabo. Y como fundamentos de derecho, expuso los artículos 1,091, 1,108 y 1,254 del Código Civil, y terminó solicitando se condenara á Bayron al pago de la suma reclamada, con los intereses al tipo convenido, y á pagar las costas.—Resultando: Que en diez y ocho de Febrero del mismo año mil ochocientos noventa y nueve, compareció el Procurador Don Tomás Grau, dirigido por el Letrado Don Tomás Bryan, en representación de Don Eusebio Bayron, y contestando la demanda, expuso como hechos: Que estaba conforme con los hechos primero y segundo de la demanda, reconociendo la certeza de las dos obligaciones reclamadas; que respecto á la de seiscientos pesos, que figura en la relación presentada por Bayron en el expediente de espera que tenía solicitada ante el mismo Juzgado de Mayagüez, se sujetaba para su pago á las condiciones estipuladas con sus acreedores en la Junta que tuvo efecto el cuatro del mes de la fecha del escrito; que Bayron había satisfecho á los Sres. M. Martínez y C.ª varias cantidades, para que fueran aplicadas á ir amortizando el importe de una de las referidas obligaciones, ascendente á cuatrocientos quince pesos, setenta y ocho centavos, que le reclamaban, lo que probaría en su día; y como fundamentos de derecho, citó los artículos 1,128 y 1,133 de la Ley de Enjuiciamiento Civil, y 1,172 del Código Civil, solicitando en definitiva se le condenase al pago de la obligación de seiscientos pesos, en la forma y condiciones estipuladas en el convenio de acreedores, celebrado el cuatro de Febrero, y que llegado el período de apremio, se paralizase el mismo en cuanto á la citada obligación; y en cuanto á la otra obligación de cuatrocientos quince pesos, se

condenase asimismo á Bayron al pago de la parte que de ella resulta adeudando, caso de resultar que los abonos hechos no cubran la totalidad de la misma.—Resultando: Que practicada la prueba, consta de la de M. Martínez y Cª una certificación expedida por el Escribano respectivo, expresiva de que en el acta de la Junta de acreedores de Don Eusebio Bayron, celebrada el cuatro de Febrero anterior, Don Manuel Martínez,. como gestor de M. Martínez y Cª, había hecho la manifestación siguiente: "En este estado Don Manuel Martínez, gestor·de M. Martínez y Cª manifestó que se abstiene de tomar parte en la votación, en nombre de sus representados, amparándose en los artículos 1,917 y 1,923 del Código Civil, por cuanto su crédito se halla anotado en el Registro de la Propiedad, á cuyo efecto acompaña la certificación correspondiente para que obren sus efectos en estas diligencias". Consta asimismo una diligencia de reconocimiento de libros de comercio, de la que aparece que en el de cuentas corrientes de M. Martínez y Cª existe un saldo en favor de ellos en la de Bayron, ascendente á mil ciento cincuenta y nueve pesos, veinte y siete centavos, y consta también como prueba el mandamiento de embargo inscrito en el Registro de la Propiedad. Y de la prueba de Bayron aparece un documento que dice: "Recibimos de Don Eusebio Bayron la suma de cuatrocientos quince pesos, setenta y ocho centavos, moneda corriente, por saldo de su cuenta hoy, quedando nula y de ningún valor la obligación que por dicha cantidad nos otorgara en cinco del mes que cursa.—Mayagüez, veinte y ocho de Diciembre de mil ochocientos noventa y siete.—M. Martínez y Cª." Cuyo documento fué presentado en el cuaderno de pruebas respectivo por el Procurador Don Tomás Grau, con solicitud·de que fuera reconocida su firma por uno de los gestores de M. Martínez y Cª, ó en su caso practicada la prueba de peritos. Aparece también como prueba de Bayron, una certificación del escrito fecha veinte y seis de Diciembre de mil ochocientos noventa y ocho, solicitando espera de sus acreedores; una relación de éstos en la

que figuran M. Martínez y Cª y un testimonio del auto fecha veinte y ocho de Diciembre del citado año, acordando la convocatoria de la Junta para tratar de la espera, y una copia del acta de la Junta de acreedores, celebrada el cuatro de Febrero siguiente.—Resultando: Que intentada la diligencia de reconocimiento de la firma del documento presentado por el demandado, no pudo llevarse á cabo dentro del término de prueba.—Resultando: Que con fecha veinte y cinco de Abril dictó el Juez de 1ª Instancia de Mayagüez sentencia, en la que considerando que si bien el deudor se había excepcionado con el pago, en cuanto al crédito de los cuatrocientos quince pesos, setenta y ocho centavos, nada había traído á los autos que justificara lo alegado; que lo expuesto por el deudor en cuanto al crédito de seiscientos pesos, no puede tenerse en cuenta, pues no se ha probado que fuese ejecutorio el acuerdo de cuatro de Febrero anterior; que si bien se presentó un documento para acreditar el pago de los cuatrocientos pesos, setenta y ocho centavos, no se ha reconocido la firma del documento, ni además debía éste tenerse en cuenta, según lo preceptuado en el artículo 505 de la Ley de Enjuiciamiento Civil y sentencias del Tribunal Supremo de España, de veinte de Octubre de mil ochocientos ochenta y cinco y veinte de Febrero de mil ochocientos ochenta y seis; que el contrato existe desde que una ó más personas consienten en obligarse respecto de otras á dar alguna cosa ó prestar algún servicio; que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes y deben cumplirse; que el deudor moroso debe pagar los intereses correspondientes, y que el demandado no era temerario; declaró con lugar la demanda interpuesta por M. Martínez y Cª contra Don Eusebio Bayron, condenando á éste á que dentro del octavo día pagase á aquéllos la suma de mil quince pesos, setenta y ocho centavos, é intereses convenidos, sin especial condena de costas.—Resultando: Que establecida apelación de la expresada sentencia, recurso que con arreglo á la Orden General No. 118, de diez y seis

de Agosto de mil ochocientos noventa y nueve, se tramitó ante el Tribunal de Distrito de San Juan, como Tribunal de 2ª Instancia, y por los trámites de la Ley de Enjuiciamiento Civil, se reprodujo ante dicho Tribunal la petición con reconocimiento de la firma del recibo de cuatrocientos pesos, sesenta y ocho centavos, presentado por la representación de Bayron, cuya prueba impugnada por la representación de M. Martínez y Cª, se mandó practicar, verificándose por perito el reconocimiento, ante el Juez Municipal de Mayagüez, cotejándose con firma indubitada del gerente de M. Martínez y Cª y declarando el perito que ambas firmas son al parecer trazadas por la misma mano.—Resultando: Que el Tribunal de Distrito de San Juan, considerando que el convenio que el deudor celebra judicialmente con sus acreedores sobre quita y espera, es obligatorio para todos los concurrentes y para los que citados y notificados en forma, no hubieren protestado en tiempo, exceptuándose los acreedores que teniendo derecho de abstenerse, lo hubieran ejercitado debidamente; que los acreedores privilegiados son los únicos que precisamente por serlo, tienen el derecho de abstenerse de concurrir al convenio, sobre lo cual no cabe duda, porque el mismo precepto legal antes citado declara ese derecho en favor de los comprendidos en los artículos 1,922, 1,923 y 1,924 del Código Civil, sin establecer diferencia alguna entre ellos, y sin que por tanto, la calidad de privilegiados, ni tampoco la mayor ó menor extensión del privilegio de cada uno, afecte al derecho de abstención que á todos alcanza por igual: que no hallándose los créditos de M. Martínez y Cª comprendidos en ninguno de los casos de los artículos 1,922 y 1,924 del Código Civil, al concurrir al convenio en que pretendieron abstenerse, dicha abstención no surte efecto, toda vez que los créditos fueron anotados después de la solicitud y declaración de quita y espera; que el derecho de abstención es un privilegio que, como tal debe aplicarse en sentido restrictivo, y que por lo que respecta al crédito de cuatrocientos quince pesos, setenta y ocho centa-

vos, resulta éste pagado, según se justifica por el recibo presentado en el término de prueba, el cual declara el Tribunal auténtico, según resulta de la prueba pericial y de inspección judicial practicada; falló revocando la sentencia apelada, y absolviendo de la demanda á Don Eusebio Bayron y Baster, declarando que éste no viene obligado á pagar la cantidad de cuatrocientos quince pesos, setenta y ocho centavos, consignada en el pagaré de cinco de Diciembre de mil ochocientos noventa y siete, por haber sido satisfecha, y en cuanto á la otra suma de seiscientos pesos, consignada en el otro pagaré, que dicha contidad se halla comprendida en el convenio de acreedores de Don Eusebio Bayron, por el que está obligado á estar y pasar el acreedor M. Martínez y Cª, con las costas á cargo de éstos.—Resultando: Que contra la expresada sentencia interpuso recurso de casación el Letrado Don Rafael Palacios Rodríguez, por infracción de ley, el que le fué admitido por el Tribunal de Distrito sentenciador, autorizado por los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, que después amplió en este Tribunal Supremo al número 2 de dicho artículo además, y fundándolo en los motivos siguientes:—1º En haberse infringido la doctrina legal establecida por sentencias del Tribunal Supremo de España, y entre ellas, principalmente, por las de once de Marzo de mil ochocientos cincuenta y nueve, doce de Mayo de mil ochocientos sesenta y cinco y veinte de Octubre de mil ochocientos ochenta y cinco, y veinte de Febrero de mil· ochocientos ochenta y seis, en las que se establece como doctrina que los Tribunales no pueden tomar en consideración ni fundar sus fallos en documentos presentados después de la contestación de la demanda, cuando no se encuentren en ninguno de los casos establecidos en el artículo 505 de la Ley de Enjuiciamiento Civil.— En el presente caso el Tribunal de este partido, al dictar la sentencia contra la cual interponemos este recurso, absuelve al demando Bayron del pago de la obligación por cuatrocientos quince pesos, setenta y ocho centavos, fundándose en el

documento privado presentado por dicho demandado durante el término de prueba, dándole así un valor en los autos que no debe tener, puesto que ese documento, siendo como es fundamental de la excepción que se alega en la contestación de la demanda, debió presentarse al contestar ésta, y no durante el término de prueba, siendo así reconocido por el primer Juez que conoció de este asunto, y habiendo por tanto incurrido también el Tribunal de este Distrito, al dictar su sentencia, en error de derecho al calificar la prueba. —2º En haberse infringido el artículo 1,923, número 4 del Código Civil, en relación con el 1,917 del mismo Código, y el 1,138 de la Ley de Enjuiciamiento Civil, porque estando anotado preventivamente el crédito de mi representado en el Registro de la Propiedad, aun cuando concurrió á la Junta de acreedores, se abstuvo de votar en ella, no quedando, por consiguiente, obligado á estar y pasar por el convenio que con aquellos hizo el demandado Bayron.—3º En la infracción del artículo 358 de la Ley de Enjuiciamiento Civil, toda vez que el fallo del Tribunal de este partido, al referirse á la obligación por seiscientos pesos, no es congruente con lo solicitado por el deudor al contestar la demanda.—4º En haberse infringido la doctrina legal establecida por diversas sentencias del Tribunal Supremo de España, entre ellas, la de diez de Julio de mil ochocientos sesenta y ocho, infringida también por el Tribunal de este partido en su ameritada sentencia, toda vez que al revocar la apelada, impone las costas de ambas instancias á mi representado, siendo así que acudió ante él en virtud de la apelación interpuesta por el contrario.— Leyes XXVII, Título XXIII Partida 3ª y II Título XIX Libro II de la Novísima Recopilación."— 'Resultando: Que personado en este Tribunal Supremo el Letrado Don Herminio Díaz Navarro, á nombre de la parte recurrida, se celebró la vista del recurso con asistencia solamente del Abogado del recurrente.—Vistos: Siendo Ponente el Juez Asociado Don Rafael Nieto Abeillé.—Considerando: Que siendo como es

el artículo 505 de la Ley de Enjuiciamiento Civil un pre-
cepto meramente formulario, no es posible admitir recurso
alguno. en el fondo por infracción de lo que él dispone, por
lo que es de desestimarse el recurso en cuanto al primer
motivo en que se funda.—Considerando: ·Que concediendo
el artículo 1,917 del Código Civil á los acreedores que cita,
el derecho de abstenerse de votar en los casos de convenios
entre deudores y acreedores, y estando comprendidos los
recurrentes, por lo que respecta al crédito por seiscientos
pesos, en lo establecido, en relación con dicho artículo 1,917
en el caso 4 del 1,923, porque no existe precepto legal que
exija que la anotación del crédito del acreedor sea de época
determinada, resultan infringidos los expresados artículos
del Código Civil y por tanto el Tribunal sentenciador ha
incurrido en el error que se indica en el segundo motivo del
recurso.—Considerando: En cuanto al tercer motivo que,
resolviéndose en la sentencia todos los puntos sometidos á la
decisión del Tribunal, no éxiste la incongruencia que en él
se señala·—Considerando: Que las leyes relativas á costas,
que se citan en el cuarto motivo del recurso, carecen de
aplicación desde la publicación del artículo 1,976 del Código
Civil, por lo que tampoco es de apreciar el motivo expre-
sado, si bien este Tribunal al dictar la sentencia procedente
puede, como Tribunal sentenciador, cuyas facultades asume,
resolver sobre ese particular.—Fallamos: Que debemos de-
clarar y declaramos no haber lugar al recurso de casación
por infracción de ley interpuesto contra la sentencia del Tri-
bunal de San Juan de diez y nueve de Marzo del año actual,
en cuanto á los motivos primero, tercero y cuarto en que se
funda, y lo declaramos con lugar en cuanto al segundo,
casando, como casamos y anulamos, la referida sentencia en
lo que á dicho segundo motivo se refiere, y dejándola subsis_
tente en los demás, sin especial condena de costas; y con
certificación de esta sentencia, que se publicará en la *Gaceta*
de esta Isla, y la que á continuación se dicta, devuélvanse
los autos al Tribunal sentenciador para su cumplimiento.—

Así por esta nuestra sentencia, irrevocablemente juzgando, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Rafael Nieto Abeillé, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico en Puerto Rico á diez de Septiembre de mil novecientos.—E. de J. López Gaztambide, *Secretario.* "